VÁZQUEZ, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

## APPEAL from a Decision of the Registrar of Property of Guayama.

### No. 162.—Decided December 5, 1913.

DEED OF SALE—JURISDICTION—EXECUTION ISSUED BY MUNICIPAL COURT—REQUI-
SITES OF DEED EXECUTED BY MARSHAL.—When the marshal of a municipal
court executes a deed of sale under a writ of execution issued by a municipal
court, the notary before whom he executes the deed should recite the judg-
ment in the deed and in addition insert therein data from the record showing
that the court acquired jurisdiction over the person of the defendant in
order to render the said judgment. In case the deed fail to contain these
data, the purchaser must present to the registrar a certificate from the sec-
retary of the municipal court supplying these omissions in the deed. Without
such requisites the deed is not recordable.

ID.—JUDGMENT OF MUNICIPAL COURT—PRESUMPTION.—As municipal courts are
not courts of record there is no presumption that their judgments were ren-
dered within their jurisdiction, but, on the contrary, it is necessary to prove
said jurisdiction when it is sought to record in the registry a deed of sale
executed by the marshal of a municipal court under a writ of execution, the
presentation of the writ of execution or of the judgment not being sufficient.

The facts are stated in the opinion.

*Mr. Vicente F. Rodríguez Ortiz* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Félix Vázquez Ortiz having obtained the entry of a judg-
ment in the Municipal Court of Çayey against the Succession
of Enrique Domínguez, proceeded to attach a piece of prop-
erty belonging to such succession. In due time the marshal
announced an auction sale of the property and it was sold
by such marshal to the petitioner. The marshal's deed to
petitioner was presented to the Registrar of Property of
Guayama who recorded the same but with a curable defect
because there was no showing that the persons who composed
the Succession of Enrique Domínguez were served with pro-
cess or cited, nor the form of such citation as required by
sections 89, 92 and 96 of the Code of Civil Procedure, nor any

showing that said persons submitted to the jurisdiction of such municipal court.

The appellant alleges that the law does not require that the forms and procedure to obtain a judgment should be recited in the execution. He is perhaps right, and probably also the sale in this case is a perfectly valid one and capable of being so proved, but the question, where the rights of third persons are involved, is whether the registrar has the duty of requiring the appellant to demonstrate his title.

Hitherto in the case of *Carbonell* v. *The Registrar,* 16 P. R. R., 419, we decided, where a judgment was obtained by default and a sale made thereunder, that a registrar was justified in refusing a record of a deed where there was no showing of how the default was obtained. There the court took occasion to say that the notary could have shown what the judgment failed to do, namely, the manner in which such default was obtained.

In the appeal before us, while not a case of a judgment by default, there is no showing of how the municipal court obtained jurisdiction to render judgment against the defendants, nor is there a copy of the judgment in the deed or anything to show that there was a trial, or that the defendants submitted. There is no presumption in favor of the judgments of municipal courts as they are not courts of record. *Golpin* v. *Page,* 98 Wallace, 365, 366; *Hahn* v. *Kelly,* 34 Cal., 391; 94 Am. Dec., 742; *McDonald* v. *Prescott,* 90 Am. Dec., 517, 519. Where a judgment is obtained in a court of limited jurisdiction and a title is sought, as here, against all the world, the person seeking to record his title is bound to show, not only the execution sale, but that the marshal had the power to make such sale. Such showing does not flow, in the case of a municipal court, from the mere exhibition of the writ of execution, nor yet of the judgment, but the jurisdiction of the court to render such judgment must likewise be demonstrated. In other words, in the specific case before us it must

be shown that jurisdiction was obtained over the persons of the defendants.

In making a deed, therefore, from the marshal to the purchaser the notary should generally recite the judgment and show that the municipal court had jurisdiction to render it. The deed failing to show such jurisdiction the facts should be shown *aliunde* perhaps by a certificate from the secretary of the municipal court.

The note must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.